IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| BRYAN BENSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| MARTIN O'MALLEY, | * | No. 3:23-cv-00166-JJV |
| Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Bryan Benson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-three years old at the time of the administrative hearing. (Tr. 36.) He testified he is a college graduate, (Tr. 37), and he has past relevant work as a press operator, store clerk, and department manager. (Tr. 26.) He further testified he is the primary caregiver of his children - ages 2 and 4. (Tr. 38, 50-51.)

The ALJ[1] found Mr. Benson had not engaged in substantial gainful activity since January 28, 2021, the alleged onset date. (Tr. 19.) He has "severe" impairments in the form of "atrial fibrillation, diabetes mellitus, hypertension, hyperlipidemia, osteoarthritis of the right hip, and obesity." (*Id.*) The ALJ further found Mr. Benson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20-23.)

The ALJ determined Mr. Benson had the residual functional capacity to perform a reduced range of light work given his physical impairments. (Tr. 23.) Based on this residual functional capacity assessment, the ALJ determined Plaintiff could no longer perform any of his past relevant work. (Tr. 26.) Therefore, the ALJ utilized the services of a vocational expert, (Tr. 58-60), to determine if other jobs existed that Plaintiff could perform despite his impairments. Based in part

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

on the vocational expert's testimony, the ALJ determined Plaintiff could perform the jobs of assembler, electronics worker, and hand packager. (Tr. 27.) Accordingly, the ALJ determined Mr. Benson was not disabled. (*Id.*)

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues, *inter alia*, that the ALJ's finding that he is not disabled is not supported by substantial evidence. (Doc. No. 12 at 17-23.) Plaintiff says, "Benson suffers from osteoarthritis in his right hip and lower extremity edema (swelling), both of which are exacerbated by his morbid obesity. These conditions limit Benson's ability to be on his feet the prolonged periods required for light work." (*Id.* at 17.) He continues that the medical evidence supports his subjective allegations and largely cites to his issues with edema in his lower legs and obesity. (*Id.* at 18-21.)

Plaintiff is clearly somewhat limited in his ability to perform work-related activities. However, after close scrutiny of the ALJ's decision against the medical evidence in this case, I conclude that the ALJ's decision meets the "substantial evidence" test.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The overall record here fails to support Plaintiff's allegation of complete disability.

The overall medical evidence shows nothing disabling. Plaintiff's diagnostic tests were all normal and doctors reporting mainly normal results for his numerous physical examinations. (Tr.

302, 305, 308, 312, 316, 319-20, 324-25, 328-29, 331-32, 335-36, 338-39, 343, 347-48, 352-53, 356, 441, 445, 448, 452, 456, 560-61, 655.)  I have reviewed the medical evidence pertaining to leg abscesses because of Plaintiff's edema.  (Tr. 498.)  But a month later, his doctors reported that his condition was much improved.  (Tr. 667.)

The ALJ relied partially on the opinions of Lucy Sauer, M.D., and Jonathan Norcross, M.D., who reviewed the medical evidence and concluded Plaintiff maintained the physical residual functional capacity for light work.  (Tr. 63-67, 69-74.)  Realizing these doctors did not treat or examine Plaintiff, there is simply no basis to find fault in the ALJ relying on their opinions.  As the ALJ noted:

> The undersigned has duly considered the opinions of the state agency consultants and finds the opinions are partially persuasive, as they are generally consistent with the longitudinal treatment history and supported by the objective findings. However, the undersigned has further limited the claimant to occasional postural movements due to his history of obesity and edema. Although edema has gotten better, he has some ongoing need to wrap the feet, but wound care has demonstrated good healing and further improvement is expected.

(Tr. 26.)

Plaintiff takes exception to the ALJ's conclusion that, "further improvement is expected." (Doc. No. 12 at 20-21.)  I have considered Plaintiff's argument on this point but find no reversible error here.

Lastly, Plaintiff argues that the ALJ failed to adequately develop the record.  (*Id.* at 22-23.) He says, "The ALJ should contact Benson's treating medical sources for their opinions regarding his work-related limitations during the relevant period, or he should send Benson for a consultative examination performed by a qualified doctor who is given all of his medical records."  (*Id.* at 23.)

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical

4

records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted).  Although Plaintiff makes a fair point here, I ultimately must agree with the Commissioner that it is the Plaintiff's responsibility to provide specific medical evidence to support his claim. 20 C.F.R. § 416.912; *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). (Doc. No. 14 at 11.)  Plaintiff bears a heavy burden in showing the record has been inadequately developed.  He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.

      The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, the record contains adequate medical records to support the ALJ's decision that Plaintiff is capable of performing light work activities.

      Plaintiff has advanced other arguments which I find are without merit.  Mr. Benson's counsel has done an admirable job advocating for his rights in this case.  But is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

      I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 12th day of March 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE